**EAST DALLAS NEIGHBORHOOD ALLIANCE et al., Appellants,**

v.

**CITY OF DALLAS, Appellee.**

**No. 19546.**

Court of Civil Appeals of Texas, Dallas.

May 17, 1978.

Rehearing Denied June 13, 1978.

Jarilyn C. Dupont, Dallas Legal Services Foundation, Inc., Dallas, for appellants.

Jerry T. Steed, Asst. City Atty., Dallas, for appellee.

ROBERTSON, Justice.

The East Dallas Neighborhood Alliance, Juanita Adams and James Jones sued the City of Dallas, seeking to enjoin the city from continuing certain alleged land acquisition activities without first taking the

procedural steps required under its relocation ordinance. After a non-jury trial on stipulations and testimony, the trial court denied relief, and the plaintiffs now appeal. We affirm.

The primary question on this appeal is whether the City of Dallas is involved in the type of land acquisition project contemplated by the city's relocation ordinance. This ordinance is codified in chapter 39A of the Dallas City Code. Section 39A–4(a)(2) of that ordinance provides that the City of Dallas shall not proceed with land acquisition negotiations on any project which "*will* cause the relocation of any person" (emphasis added) until the city manager or his designee finds that:

> Within a reasonable period of time prior to displacement, comparable replacement dwellings will be available or provided (built if necessary) for each displaced person. Such assurance shall be provided by an analysis of the relocation problems involved and a specific plan to resolve such problems as described in section 39A–4(i)(2).

As we read this ordinance, the crucial issue is whether the city is involved in a land acquisition project which *will* cause the relocation of persons presently living in the contemplated area. The city is not required to formulate a relocation plan unless the proposed land acquisition project will actually cause the displacement of persons.

Under the present scheme, as stated in the resolution of the city council, the city will cooperate with private developers in the redevelopment of problem neighborhoods within a two-mile radius of downtown Dallas. This cooperation involves the execution of contracts between the city and the developers whereby the city will purchase any land acquired by the developers if, in the developers' opinion, insufficient land can be acquired to make private redevelopment profitable. However, this scheme does not become a municipal land acquisition project until the developers

tender the property to the city. There is no evidence that persons will necessarily be relocated if the city ultimately purchases the property. While the resolution of the city council calls for "redevelopment" of certain areas, this does not necessarily include demolition and relocation of residents.[1] Indeed, the neighborhoods might be redeveloped by restoring existing structures, thus providing safe housing without relocation of tenants. On the other hand, if the developers do not tender their acquisitions to the city in accordance with their contracts, any redevelopment they may undertake is not a "city project" within the relocation ordinance and, therefore, does not require the preparation of a relocation plan. Accordingly, since there is no indication in this record that persons will actually be relocated under the acquisition project by the city, we conclude that the trial court properly denied relief.

Affirmed.

---

1. The initial contracts between the city and the private developers called for the city to pay the developers "demolition costs" but this recitation is not, standing alone, sufficient to demonstrate that the contemplated demolition would necessarily result in the destruction of *occupied residential* structures. Moreover, the contracts did not *require* demolition, but merely allowed reimbursement for demolition costs if such action was taken.